**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
500 W. CAPITOL, ROOM D444
LITTLE ROCK, ARKANSAS 72201-3325
(501) 604-5140
Facsimile (501) 604-5149

**March 1, 2010**

Mr. Patrick J. Goss
Rose Law Firm
120 East Fourth Street
Little Rock, AR 72201-2893

  Re: *S&S v. Pancho's et al;* 2:08CV00220 -- Motion to Exclude Defense Counsel.

Dear Mr. Goss:

You better saddle-up and be prepared to try this case as lead, and probably <u>only</u>, counsel of record in view of the fact that I am much inclined to disqualify Mr. Tate and his firm <u>if</u> any member of the firm will, or may, testify at the trial.

By copy of this letter, Mr. Tate, and his firm, are directed to declare themselves as in or out as witnesses. This must be done before 4 p.m., tomorrow, March 2, 2010.

If Mr. Tate or a member of his firm are going to testify at trial, depositions should be redacted to ensure that the jury does not see them as both witnesses and advocates.[1]

The above would apply to any other evidence that might identify them as lawyers working on this case.

I have not decided whether "advise of counsel" is a defense; nor have I decided whether it can be used as a mitigating factor with respect to punitive damages.

I will *voir dire* the jury about the possibility of punitive damages being an issue, but the trial will be bifurcated. If the jury finds for S&S on the issue of liability, then the second stage of the trial (punitive damages) will commence. I will welcome suggestions as to how the punitive damages stage should be handled procedurally (opening arguments, what if any additional evidence, etc.?).

               Cordially,

               /s/ Wm. R. Wilson, Jr.

Original to the Clerk of the Court
cc: Other counsel of record.

---

[1] See *Droste v. Julien*, 477 F.3d 1030 (8th Cir. 2007).