IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

S&S SALES, INC.                                                                                            PLAINTIFF

V.                                           2:08CV00220-WRW

PANCHO'S MEXICAN FOODS, INC., *et al.*                                     DEFENDANTS

ORDER

**1. Plaintiff's Motion to Exclude Defense Counsel (Doc. No. 45) is GRANTED in PART and DENIED in PART.**

Plaintiff requests that I prohibit Defense counsel from the law firm of Martin Tate Morrow & Marston ("Martin Tate") from testifying at trial, or order that counsel from Martin Tate withdraw from representation of Defendants. Plaintiff also objects to "advice of counsel" being an affirmative defense to any claims at issue in this case, and also to "advice of counsel" being relevant to the issue of punitive damages.

Since neither party has provided case law saying that advice of counsel is an affirmative defense to any of the claims at issue in this case, Plaintiff's Motion is GRANTED to this extent.

But, I am persuaded that advice of counsel is a factor that may be considered by a jury in assessing the reasonableness of a defendant's conduct in regard to punitive damages, and to that extent Plaintiff's Motion is DENIED. Testimony from counsel at Martin Tate is admissible during the punitive damages phase of trial. Accordingly, counsel from Martin Tate may not represent Defendants at trial.[1] Because counsel from Martin Tate are to act as witnesses at trial, both parties must take great care to ensure that counsel from Martin Tate are not identified as advocates at any phase in the trial.

---

[1] Rules 3.7 and 1.10 of the Rules of Professional Conduct; *Droste v. Julien*, 477 F.3d 1030, 1035-36 (8th Cir. 2007).

1

As for the issue of references to advice of counsel during the liability phase of trial, I am taking the issue under advisement for the time being.

**2. Defendants' Motion in Limine Concerning Tennessee Trademark Suit (Doc. No. 62)** is DENIED. My initial reaction, without having time to research it, or think it completely through, is that Plaintiff should be able to broach the subject of the Tennessee lawsuit in the case in Helena. I might change my mind, but I might not.

**3. Defendants' Motion in Limine to Exclude Indemnification Agreement (Doc. No. 64)** is DENIED.

Given the facts at issue in this case, I believe Defendants' Indemnification Agreement could be relevant to show the relationship between the parties, to attack the credibility of the witnesses, or to demonstrate bias. However, the Indemnification Agreement should not be offered to prove liability, as this could be unduly prejudicial to Defendants. That said, any line of questioning involving the Indemnification Agreement must initially be proposed outside the hearing of the jury. If it is referenced at trial, I will consider a request for a limiting instruction on the issue of any suggestion of liability.

**4. Plaintiff's Motion in Limine to Exclude Certain Evidence (Doc. No. 66)**, as set out below, is GRANTED in PART and DENIED in PART:

- **Exclude Testimony of Patrick Siano** -- is DENIED.

- **AWG's Untimely Disclosed Witnesses** -- please disclose to me, within 36 hours from receipt of this Order, why these four witnesses were not identified before the discovery deadline.

- **Evidence of Direct Sales by Pancho's to Wal-Mart and Kroger** -- is DENIED.

- **Allegations Plaintiff failed to comply with Pancho's rules, regulations, etc** -- is GRANTED, since Defendants concede the motion.

- **Information Relating to Documents or Information Not Produced** -- I cannot rule on this without additional information.  However, I do intend to follow the Federal Rules of Evidence during trial.

- **Economic Duress and/or Increased Price of Cheese** -- is GRANTED, based on Federal Rule of Evidence 403

- **Reliance on the Advice of Counsel** -- see ruling at Paragraph 1, numbered 1.

- **Written Agreements with Other Suppliers** -- is GRANTED, since Defendants concede the motion.

- **Unsupported Testimony that Plaintiff is "Not a Franchise"** -- again, I intend to follow the Federal Rules of Evidence during trial.  Witnesses may testify, assuming they are qualified, as to their understanding of the agreement between the parties.  However, witnesses, generally, do not get to testify as to conclusions of law.

- *Ricardo's* **Lawsuit** -- is DENIED.  If Plaintiff addresses the Tennessee trademark infringement lawsuit, Defendants may "put Plaintiff's proof about the new lawsuit in proper context."  I would expect both parties' evidence on this issue to be quite limited.

- **Offers to Compromise** --  is GRANTED, since Defendants concede the motion.

- **Speculation that Larry Stewart Signatures are Forgeries; Speculation that Larry Stewart was not Authorize to Issue Written Franchise Agreement**; **Unsubstantiated Arguments to Reduce Plaintiff's Damages;** and **Testimony Based on Hearsay and Lack of Personal Knowledge**  -- I intend to follow the Federal Rules of Evidence during trial.

IT IS SO ORDERED this 16th day of March, 2010.

/s/ Wm. R. Wilson, Jr.\
UNITED STATES DISTRICT JUDGE